UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FELIPE POLANCO DIAZ,

Petitioner,

v.

CHRISTIAN PFEIFFER,

Respondent.

Case No. 23-cv-01449-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 10

## INTRODUCTION

Petitioner Felipe Polanco Diaz has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges the same state court judgment he challenged in a prior habeas action that he filed in this district, *Diaz v. Martel*, No. 10-cv-05298-PJH. The pending petition will be dismissed as second or successive to the prior petition.

The Clerk shall enter Christian Pfeiffer, the warden of the prison in which Diaz is housed, as the respondent in this action. Pfeiffer is the sole proper respondent, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

## BACKGROUND

The first habeas petition was denied on the merits. (*Diaz*, No. 10-cv-05298-PJH, Dkt. No. 20.) Diaz appealed, but the Ninth Circuit Court of Appeals dismissed his appeal as untimely, and denied his motion for reconsideration. (*Id.*, Dkt. Nos. 31 and 30.) The prior and pending petitions are challenges to the 2008 California state conviction Diaz received in the Santa Clara Superior Court for first degree murder, for which he received a sentence of 50 years to life in state prison. (*Id.*, Order Denying Petition, Dkt. No. 20 at 1; Pet., Dkt. No. 1 at 7 (Superior Court No. CC510985); Instant Petition, Dkt. No. 1 at 1 (Superior Court No. CC510985)).

**DISCUSSION**

The pending petition is barred by the rule against filing a second or successive petition. As noted, Diaz has filed at least one previous petition regarding the same state court judgment challenged in the pending petition. In order to file a second or successive petition, a petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without that authorization, a district court lacks jurisdiction over the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Diaz has not shown that he has received such authorization. Accordingly, the pending petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals. The petition is DISMISSED.

**CONCLUSION**

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Diaz's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 10.)

The Clerk shall enter Christian Pfeiffer, the warden of the prison in which Diaz is housed, as the sole respondent in this action.

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 28, 2023



WILLIAM H. ORRICK
United States District Judge